UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

NICHOLAS DALE PEARSON,

    Petitioner,

v.

JUDGE DEBRA VOGT,

    Respondent.
_____

Case No. 6:16-cv-01978-JR

FINDINGS AND RECOMENDATION

RUSSO, Magistrate Judge:

    Petitioner brings this habeas corpus case pursuant 28 U.S.C. § 2241. He challenges the state circuit court decision regarding his fitness to stand trial, his subsequent civil commitment to the Oregon State Hospital ("OSH"), and the suspension of plea negotiations. Petitioner's case is now moot, his state court litigation was ongoing at the time of filing, and he failed to exhaust available state court remedies. Accordingly, this Petition for Writ of Habeas Corpus should be denied.

BACKGROUND

In June 2016, petitioner faced criminal charges in Lane County Circuit Court. Resp.'s Br. 2 ([#8](#8)). On July 16, 2016, the circuit court held a hearing pursuant to [Or. Rev. Stat. § 161.370](Or. Rev. Stat. § 161.370) in which it deemed petitioner "unfit to proceed" in the criminal matter, resulting in his commitment to OSH and the suspension of his trial. Id. at 2, 4, n.1.

Petitioner filed this federal habeas corpus case on October 12, 2016. See generally Pet.'s Compl. ([#1](#1)). At that time, he asserted he was competent to "cooperate, participate, and understand" proceedings, and he requested this Court issue an order allowing him to engage in plea negotiations and "seal . . . the deal" on his nearly-complete plea agreement in which he would serve two years of probation. Id. at 9. Petitioner further alleged OSH was "violating [his] unalienable right to life" and asked this Court to order his release. Id. at 8-9.

On October 21, 2016, the circuit court revisited the issue and, upon a determination of fitness, ordered petitioner's discharge from OSH. Id. at 2. Petitioner resumed plea bargaining and subsequently entered an agreement pursuant to which he received a sentence of two years probation. Id. He sought no further state court remedies. Id. at 3.

Respondent urges this Court to deny relief and dismiss this action, and petitioner provides no supplemental filings in support of the petition.[1] Resp.'s Br. 2 ([#8](#8)). For the reasons stated below, petitioner's Petition for Writ of Habeas should be denied and the case dismissed.

DISCUSSION

I.  Mootness of Claims

Respondent argues that the case before this Court is moot and therefore not justiciable. I agree. Cases generally become moot "when the issues presented are no longer live or the parties

---

[1] Petitioner failed to notify the Court of his new mailing address, such that correspondences from the Court have been returned as undeliverable.

lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982) (citation and internal quotations omitted). "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." Foster v. Carson, 347 F.3d 742, 744 (9th Cir. 2003) (citation omitted). However, courts may still reach the merits of a moot issue when it is "capable of repetition yet evading review." Id. at 746 (citation omitted). The doctrine applies when: (1) a petitioner can reasonably expect to be subject to the same action again; and (2) the challenged action is too brief to be fully litigated before cessation. Id. (citation omitted).

Petitioner's petition is moot because he has been granted the relief sought and presently has no interest in the outcome. See Tyars v. Finner, 709 F.2d 1274, 1279 (9th Cir. 1983) (the dispositive question is whether petitioner's discharge "moots the case for the purpose of any relief which may be granted"). Petitioner sought release from OSH and the ability to move forward with his criminal proceedings, namely plea bargaining for probation. The circuit court has since discharged petitioner from OSH, and he has entered a plea agreement and begun probation. Further, the record reflects no collateral consequences arising from petitioner's prior commitment. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (when the sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole . . . must exist if the suit is to be maintained") (citation omitted). No case or controversy exists at this time.

Moreover, the Court has little reason to believe petitioner will be subject to the same action again or that such action would avoid full litigation. See, e.g., Tyars, 709 F.2d at 1280 (petitioner's involuntary commitment was capable of repetition since he had been committed involuntarily multiple times after the original commitment, and it was likely to evade review due to the statutory limit of a one-year term); see also Or. Rev. Stat. § 161.370. Thus, the "capable of

3 - FINDINGS AND RECOMMENDATION

repetition yet evading review" doctrine does not apply. In sum, this case is no longer justiciable due to mootness and should be dismissed.

II.     Intervention in State Court Proceedings

Principles of federalism and comity likewise preclude the Court from entertaining petitioner's claim. Federal courts generally must abstain from intervening in pending state court proceedings when: "(1) there is an ongoing state-initiated judicial proceeding; (2) the proceeding implicates important state interests; (3) the federal litigant is not barred from litigating federal constitutional issues in the state proceeding; and (4) federal court action would enjoin the proceeding or have the practical effect of doing so[.]" Smith v. Plummer, 458 Fed. App'x 642, 643 (9th Cir. 2011) (citation omitted); Younger v. Harris, 401 U.S. 37, 41 (1971). A petitioner must also exhaust state avenues for raising the federal issues before a federal court can consider a habeas corpus challenge to state court proceedings. Carden v. Montana, 626 F.2d 82, 83 (9th Cir.) cert. denied, 449 U.S. 1014 (1980) (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484 (1973)). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Id. at 83-84 (citation omitted).

Here, petitioner seeks federal intervention in state court proceedings regarding: (1) his criminal prosecution; and (2) the determination of his mental fitness and related civil commitment. However, at the time of filing, these proceedings were underway. Petitioner does not allege being unable to vindicate his federal constitutional rights through these state legal avenues. Indeed, as discussed above, the proceedings continued and petitioner ultimately received his desired relief.

Additionally, petitioner did not exhaust his state court remedies. Notably, he did not seek review of his commitment by any Oregon judicial body. Pet.'s Compl. 3 ([#1](#1)). Moreover, petitioner does not claim circumstances that are extraordinary or that otherwise justify federal intervention. See [Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012)](#) (extraordinary circumstances encompass only cases of harassment or bad faith prosecution) (citation omitted). Therefore, abstention is appropriate.

## RECOMMENDATION

For the foregoing reasons, the Petition for Writ of Habeas Corpus ([#1](#1)) should be DENIED and the case DISMISSED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 26th day of April, 2017.

    s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge